# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JESUS GAMBOA-BRAMBILA,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C16-4091-MWB<br>No. CR14-4058-MWB<br><br>**INTIAL REVIEW ORDER** |

## I.     INTRODUCTION AND BACKGROUND

This case is before me on petitioner Jesus Gamboa-Brambila's *pro se* Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant to 28 U.S.C. § 2255 (docket no. 1). In his § 2255 motion, Gamboa-Brambila claims that he is entitled to relief under the recent United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557-58 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violates due process because it is unconstitutionally vague.[1]   The Supreme Court has held that the *Johnson* decision is

---

[1]The ACCA authorizes enhanced penalties for defendants who have three or more prior convictions for "violent felonies" committed on different occasions. 18 U.S.C. § 924(e)(1). The ACCA defines three categories of offenses as violent felonies. First, violent felonies include all "offense[s] that ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i).   Second, violent felonies include four enumerated offenses: burglary, arson, extortion, and offenses "involv[ing] use of explosives."   18 U.S.C. § 924(e)(2)(B)(ii). Finally, violent felonies include offenses "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." *Id*. This third category is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556.

retroactive because it announced a new substantive rule of constitutional law. *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).

Gamboa-Brambila's § 2255 motion is specifically before me for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

28 U.S.C. § 2255 Rule 4(b).

For the reasons discussed, below, it appears plainly from the face of the motion and the record that Gamboa-Brambila is not entitled to relief, and his motion is summarily dismissed with prejudice.

In an Indictment returned on July 24, 2014, Gamboa-Brambila was charged with being a previously deported alien who was found in the United States without the express consent of the Attorney General or his successor, the Secretary for Homeland Security, following his conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). On August 24, 2014, Gamboa-Brambila entered a plea of guilty to the charge. At Gamboa-Brambila's sentencing, on January 16, 2015, I concluded that Gamboa-Brambila was a criminal history category IV and calculated his total offense level as 17.[2] In calculating his total offense level, I increased his offense level by 12 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), for having been previously deported after a conviction for a "crime of violence," based on a 1991 California felony conviction for shooting at an

---

[2] Gamboa-Brambila was assessed 8 criminal history points, which resulted in a Criminal History Category of IV. *See* Sentencing Table at U.S.S.G. Ch. 5, Pt. A.

2

inhabited dwelling, which resulted in an advisory guidelines range of 37 to 46 months. I denied Gamboa-Brambila's motion for downward departure and variance, as well as the prosecution's motion for upward departure. However, I did grant the prosecution's motion to vary upward because Gamboa-Brambila's criminal history category did not adequately reflect the seriousness of his criminal history. I sentenced Gamboa-Brambila to 58 months' incarceration. Gamboa-Brambila did not appeal his conviction or sentence.

## II. LEGAL ANALYSIS

In his § 2255 motion, Gamboa-Brambila seeks to extend the teachings of the *Johnson* decision to invalidate his sentence. However, *Welch* and *Johnson* do not apply to his case. As I noted previously, in *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process. *Johnson*, 135 S. Ct. at 2557-58. Gamboa-Brambila was not sentenced under the provisions of the residual clause of the ACCA, as codified in 18 U.S.C. § 924(e). Instead, Gamboa-Brambila was convicted of being a previously deported alien who was found in the United States without the express consent of the Attorney General or his successor, the Secretary for Homeland Security, following his conviction for an aggravated felony. I increased his offense level by 12 levels for having been previously deported after a conviction for a "crime of violence," pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[3] Thus, while *Johnson*

---

[3]The commentary to the Guidelines defines "crime of violence" for the purposes of § 2L1.2(b)(1) as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery,

(Footnote continued . . .

3

concerned a constitutional challenge to a statute, Gamboa-Brambila is making a vagueness challenge to a sentencing guideline, U.S.S.G. § 2L1.2(b)(1)(A)(ii)'s definition of a crime of violence.

The Eighth Circuit Court of Appeals held, in *United States v. Wivell*, 893 F.2d 156 (8th Cir. 1990), that the guidelines "are simply not susceptible to a vagueness attack." *Id.* at 159; *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015). Recently, other federal courts of appeals have found the *Johnson* rationale concerning the ACCA applicable to the guidelines and have applied *Johnson's* vagueness rule in challenges to guidelines. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *United States v. Binford*, 818 F.3d 261, 274 (6th Cir. 2016); *United States v. Soto–Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); *United States v. Benavides*, 617 Fed. App'x 790 (9th Cir. 2015); *United States v. Madrid*, 812 F.3d 1204, 1211 (10th Cir. 2015); *United States v. Townsend*, 638 Fed. App'x 172, 178 (3rd Cir. 2015); *United States v. Darden*, 605 Fed. App'x 545, 546 (6th Cir. 2015).[4] However, I lack the authority to replace existing circuit law with my own view. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (noting that court of appeals's holdings on issues bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit Court of

---

> arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1 (B)(iii).

[4] In *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015), the Eighth Circuit Court of Appeals questioned the Sentencing Guidelines's protection against vagueness challenges in light of *Johnson*. *Id*. at 932. However, in *Taylor*, the court of appeals "did not decide whether the [Sentencing Guidelines are] unconstitutionally vague." *United States v. Ellis*, 815 F.3d 419, 421–22 (8th Cir. 2016). Thus, it is clearly still the law in the Eighth Circuit that the vagueness doctrine does not apply to the Sentencing Guidelines. *See Wivell*, 893 F.2d at 156.

4

Appeals *en banc* or the United States Supreme Court); *BPS Guard Servs. v. NLRB*, 942 F.2d 519, 524 (8th Cir. 1991) (same). As a result, I cannot choose to follow the reasoning of another federal circuit court where there is binding Eighth Circuit precedent. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Accordingly, I must follow the Eighth Circuit Court of Appeals's holding in *Wivell* on this issue and conclude that U.S.S.G. § 2L1.2(b)(1)(A)(ii) is not "susceptible to a vagueness attack." *Wivell*, 893 F.2d at 159. Therefore, Gamboa-Brambila's due process challenge to U.S.S.G. § 2L1.2(b)(1)(A)(ii) fails as a matter of law and his § 2255 motion is denied.

Even if Gamboa-Brambila could assert a due process vagueness challenge to U.S.S.G. § 2L1.2(b)(1)(A)(ii), such a claim is untimely. Motions brought pursuant to § 2255 are subject to a one-year statute of limitations that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Gamboa-Brambila appears to rely on 28 U.S.C. § 2255(f)(3) and *Johnson* to fall with the one-year limitations period in § 2255(f)(3). As I noted, above, the *Johnson* decision concerned the residual clause of the ACCA while, here, Gamboa-Brambila seeks to challenge the increase in his offense level by 12 for having been previously deported

5

after a conviction for a "crime of violence," pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Thus, Gamboa-Brambila's reliance on § 2255(f)(3) and *Johnson* is misplaced. *Johnson* has no bearing on Gamboa-Brambila's sentence, since it was not increased under the ACCA's residual clause. Moreover, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii) (defining a "crime of violence"), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"). Federal courts have noted, "crime of violence" as defined in § 2L1.2(b)(1)(A)(ii)'s "catch-all" provision is not the same as "violent felony" as defined in ACCA (or "crime of violence" as defined in the career offender provision of the Guidelines):

> The district court's confusion in this respect is understandable, for we have observed that whether a crime constitutes a "violent felony" under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a "crime of violence" under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines "crime of violence" very differently than the ACCA does, so cases dealing with the definition of a "violent felony" under the ACCA are not applicable here.

*United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009), and *United States v. Cortes-Salazar*, 682 F.3d 953, 957 (11th Cir. 2012)).

Here, absent the retroactive applicability of *Johnson*, the timeliness of Gamboa-Brambila's § 2255 motion is determined based on "the date on which the judgment of conviction becomes final," *see* § 2255(f)(1), which, his time for filing a direct appeal, expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) ("holding that for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Akins v. United States*, 204 F.3d 1086,

1089 n.1 (11th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Gamboa-Brambila's one-year limitations period to file a § 2255 motion began to run on February 4, 2015, when the date of his judgment became final. Gamboa-Brambila did not place his § 2255 motion in the prison mailing system until June 22, 2016, over four months after the one year period of limitations expired on February 4, 2016. Accordingly, under § 2255(f)(1), Gamboa-Brambila's § 2255 motion was filed over four months after the limitations period expired and is untimely.

### III. CERTIFICATE OF APPEALABILITY

Gamboa-Brambila must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Gamboa-Brambila's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. §

2253(c)(2); FED. R. APP. P. 22(b).  Accordingly, with respect to Gamboa-Brambila's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  Should Gamboa-Brambila wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

### IV.  CONCLUSION

For the reasons discussed, above, Gamboa-Brambila's motion under 28 U.S.C. § 2255 is denied in its entirety.  This case is dismissed.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 26th day of August, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA